IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BILLY MILES,<br><br>      **Plaintiff,**<br><br>v.<br><br>DAVID W. MITCHELL, HALLMAN, C. HALE, ADEWALE KUFORIJI, and ROB JEFFREYS,<br><br>      **Defendants.** | Case No. 23-cv-3564-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Billy Miles, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Menard Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights while at Pinckneyville Correctional Center ("Pinckneyville").[1] The case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28

---

[1] This Complaint is one of 13 that the Court recently received and filed over the course of two days. For ease of comprehension as the Court manages these cases, and any potential future cases, it will assign the cases basic numeral identifiers as follows: *Miles v. Mitchell, et al.*, Case No. 23-cv-3562-NJR ("*Miles* 1"), *Miles v. Mitchell, et al.*, Case No. 23-cv-3563-NJR ("*Miles* 2"), *Miles v. Mitchell, et al.*, Case No. 23-cv-3564-NJR ("*Miles* 3"), *Miles v. Mitchell, et al.*, Case No. 23-cv-2365-NJR ("*Miles* 4"), *Miles v. Mitchell, et al.*, Case No. 23-cv-2366-NJR ("*Miles* 5"), *Miles v. Mitchell, et al.*, Case No. 23-cv-3567-NJR ("*Miles* 6"), *Miles v. Mitchell, et al.*, Case No. 23-cv-3568-NJR ("*Miles* 7"), *Miles v. Mitchell, et al.*, Case No. 23-cv-3569-NJR ("*Miles* 8"), *Miles v. Mitchell, et al.*, Case No. 23-cv-3570-NJR ("*Miles* 9"), *Miles v. Mitchell, et al.*, Case No. 23-cv-3571-NJR ("*Miles* 10"), *Miles v. Mitchell, et al.*, Case No. 23-cv-3572-NJR ("*Miles* 11"), *Miles v. Mitchell, et al.*, Case No. 23-cv-3579-NJR ("*Miles* 12"), *Miles v. Mitchell, et al.*, Case No. 23-cv-3580-NJR ("*Miles* 13").

U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

In his Complaint, Miles makes the following allegations: While at Pinckneyville, Miles wrote his counselor, Mr. Hallman, for grievances (Doc. 1, p. 6). Miles never received grievances. Hallman also refused to bring Miles money vouchers and pens (*Id.*). Instead, Hallman told Miles to "just write" his grievances.

Miles also alleges, as he does in all of his recently filed cases, that IDOC has mandated tactical training for all staff members (Doc. 1, p. 6). Miles contends that IDOC's training has been weaponized against Miles and that he will be met with aggression (*Id.*). Unfortunately, he fails to further explain how the tactical training has been used against him or how the allegations relate to his claims regarding his access to materials.

## Discussion

Simply put, Miles fails to allege a viable claim regarding Hallman's failure to bring him grievance forms, money vouchers, and pens. Although Miles alleges that Hallman failed to bring him these materials, he fails to allege how his rights were violated by his lack of access to forms and pens. *See DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990) (A successful Complaint generally alleges "the who, what, when, where, and how…."). To the extent he may be trying to allege an access to courts claim, Miles fails to allege that defendants failed to assist him in preparing and/or filing meaningful legal

papers and that there was "some quantum of detriment caused by the challenged conduct of state officials [that resulted] in the interruption and/or delay of [Miles's] pending or contemplated litigation." *Alston v. DeBruyn*, 13 F.3d 1036, 1041 (7th Cir. 1994). *See also Jenkins v. Lane*, 977 F.2d 266, 268 (7th Cir. 1992). Further, the lack of access to grievance forms or inability to file a grievance does not state a claim. *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011); *Grieveson v. Anderson*, 538 F.3d 763, 772 n. 3 (7th Cir. 2008).

Simultaneously with his current pleading, Miles filed several other cases about various aspects of his incarceration at Pinckneyville. He raises claims regarding damage to his property (*Miles* 1), medical care he received (*Miles* 2, *Miles* 7, *Miles* 8, *Miles* 10, and *Miles* 11), and access to property and other items (*Miles* 3, *Miles* 4, *Miles* 5, *Miles* 6, *Miles* 9, *Miles* 12, and *Miles* 13). In addition to his individual allegations, each Complaint also includes allegations regarding a mandate by IDOC and Pinckneyville requiring staff to obtain tactical training. Miles also alleges that grievance officials have edited his grievances. He fails, however, to allege that these actions violated his constitutional rights or caused him any harm. Although he alleges that staff can use tactical training against him and he will be "met with aggression," there are no allegations to suggest that any defendant has used excessive force against him. Nor has he indicated how any defendant edited his grievance or how those "edits" violated his rights. The mere mishandling or denial of a grievance does not state a claim. *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) ("[T]he alleged mishandling of [a prisoner's] grievance by persons who otherwise did not cause or participate in the underlying conduct states no claim."); *George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007).

Further, these potential claims appear to be unrelated to the claims in his current lawsuit. To the extent he believes his rights have been violated by the implementation of tactical training or issues with his grievances, he would have to file a new case about these distinct allegations. Miles also would be subject to an additional filing fee and possible "strike" should the claims be deemed frivolous or fail to state a claim. *See* 28 U.S.C. § 1915(g).

## **Pending Motions**

As to his motion for counsel (Doc. 3), Miles indicates that he has some education but does not specify why he believes counsel is necessary in this case. He states that he does not speak, write, or read English very well, but he fails to indicate the level of his language or writing abilities. Nonetheless, his filings have been easy to read and understand.

Miles also does not indicate whether he tried to obtain counsel on his own. Under the portion of the form motion directing Miles to declare whether he has contacted any attorneys for representation he simply wrote "N/A". (*Id*. at p. 1). Thus, it is not clear whether Miles has made any attempt to contact counsel or if he has been prevented from doing so by staff. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (The two-fold inquiry asks (1) has the indigent plaintiff made a reasonable effort to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself.). Miles's motion for counsel is, therefore, **DENIED**. Should Miles choose to move for recruitment of counsel in the future, the Court **DIRECTS** him to (1) contact at least three attorneys regarding representation in this case

4

prior to filing another motion, (2) include in the motion the name and addresses of at least three attorneys he has contacted, and (3) if available, attach the letters from the attorneys who declined representation. Miles should also include in his motion a specific statement as to why he believes recruitment of counsel is necessary in this case.

## Disposition

For the reasons stated above, the Complaint is **DISMISSED without prejudice**. Miles will have an opportunity to file a First Amended Complaint if he wishes to pursue his claims. If he chooses to do so, Miles must comply with the instructions and deadlines set forth below.

Miles is **GRANTED** leave to file a "First Amended Complaint" on or before **December 13, 2023**. Should he fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. Fed. R. Civ. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). Such a dismissal could count as one of Miles's three allotted "strikes" under 28 U.S.C. § 1915(g). As mentioned above, Miles has filed several other cases in this Court, including several cases with seemingly related allegations (*see, for example, Miles* 5, *Miles* 9, *Miles* 13). Should those cases be dismissed as frivolous, they could be counted towards his

allotted "strikes" and prevent him from filing future cases without prepayment of fees.[2] As such, the Court will allow Miles to either file a First Amended Complaint or seek to dismiss his original Complaint voluntarily by the stated deadline. Continuing to file excessive, frivolous cases also could result in sanctions and/or a filing ban. *See Warren v. United States*, Case No. 16-cv-00390-SMY, 2016 WL 2643345, at *2 (S.D. Ill. May 10, 2016) (warning of possible sanctions for frivolous and vexatious litigation); *Grant v. U.S. Dep't of Def.*, Case No. 19-cv-979-NJR, 2019 WL 6728878, at * 2 (S.D. Ill. Dec. 11, 2019) (warning that continued frivolous filings could result in a ban).

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, if Miles chooses to file an amended pleading, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Miles must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A. To aid Miles in drafting his First Amended Complaint, the Clerk of Court is **DIRECTED** to send Miles a Section 1983 Complaint form.

---

[2] 28 U.S.C. §1915(g) provides that "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

Miles is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether he elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). If Miles chooses to dismiss his case voluntarily, the Court will not collect the remaining filing fee.

Finally, Miles is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **seven days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  November 15, 2023**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**