IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

BILLY MILES,

    **Plaintiff,**

v.

STATE OF ILLINOIS,
PINCKNEYVILLE CORRECTIONAL
CENTER, PERRY COUNTY, ILLINOIS,
DAVID W. MITCHELL, HALLMAN,
C. HALE, ADEWALE KUFORIJI, and
ROB JEFFREYS,

    **Defendants.**

Case No. 23-cv-3564-NJR

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Billy Miles, an inmate of the Illinois Department of Corrections who is currently incarcerated at Menard Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights while at Pinckneyville Correctional Center.[1] Miles's original Complaint, alleging that he never received

---

[1] This case is one of 13 that the Court received from Miles. For ease of comprehension as the Court manages these cases, and any potential future cases, the cases have been assigned basic numeral identifiers as follows: *Miles v. Mitchell, et al.*, Case No. 23-cv-3562-NJR ("*Miles* 1"), *Miles v. Mitchell, et al.*, Case No. 23-cv-3563-NJR ("*Miles* 2"), *Miles v. Mitchell, et al.*, Case No. 23-cv-3564-NJR ("*Miles* 3"), *Miles v. Mitchell, et al.*, Case No. 23-cv-2365-NJR ("*Miles* 4"), *Miles v. Mitchell, et al.*, Case No. 23-cv-2366-NJR ("*Miles* 5"), *Miles v. Mitchell, et al.*, Case No. 23-cv-3567-NJR ("*Miles* 6"), *Miles v. Mitchell, et al.*, Case No. 23-cv-3568-NJR ("*Miles* 7"), *Miles v. Mitchell, et al.*, Case No. 23-cv-3569-NJR ("*Miles* 8"), *Miles v. Mitchell, et al.*, Case No. 23-cv-3570-NJR ("*Miles* 9"), *Miles v. Mitchell, et al.*, Case No. 23-cv-3571-NJR ("*Miles* 10"), *Miles v. Mitchell, et al.*, Case No. 23-cv-3572-NJR ("*Miles* 11"), *Miles v. Mitchell, et al.*, Case No. 23-cv-3579-NJR ("*Miles* 12"), *Miles v. Mitchell, et al.*, Case No. 23-cv-3580-NJR ("*Miles* 13").

grievances, money vouchers, or pens while at Pinckneyville, was dismissed for failure to state a claim (Docs. 1, 9). Miles was granted leave to file an amended pleading. In his First Amended Complaint (Doc. 17), he again alleges that he was denied access to grievances, money vouchers, and pens.

This case is now before the Court for preliminary review of the First Amended Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The First Amended Complaint

In the First Amended Complaint, Miles makes the following allegations: On January 10, 2022, and every day thereafter, Miles spoke with correctional counselor Hallman and requested grievances, money vouchers, and pens (Doc. 17, p. 8). Instead, Hallman told Miles to submit a written request for the materials. But when Miles submitted written requests, Hallman failed to answer (*Id.*). From January 10, 2022, until February 16, 2022, Miles went without money vouchers, grievance forms, and pens (*Id.*). Miles wrote a grievance about his issues, but the grievance was denied by counselor Hallman, grievance officer C. Hale, Administrative Review Board member Adewale Kuforiji, and director Rob Jeffreys (*Id.* at pp. 8-9).

## Discussion

Simply put, Miles again fails to state a claim. Miles's original Complaint was dismissed because he failed to allege how his rights were violated by his lack of access to forms and pens (Doc. 9, p. 2). The Court also noted in that Order that Miles failed to allege that the denial of such materials interfered with any pending or contemplated litigation (*Id.* at pp. 2-3). But Miles's First Amended Complaint fails to add any additional allegations which might state a claim. He merely states that his counselor failed to provide him with grievances, money vouchers, and pens. He fails to allege that this denial violated his constitutional rights. The lack of access to grievance forms or the inability to file a grievance does not state a claim on its own. *See Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011); *Grieveson v. Anderson*, 538 F.3d 763, 772 n. 3 (7th Cir. 2008). Miles simply fails to implicate any constitutional right that was violated by the defendants' actions.

Further, Miles acknowledges in his First Amended Complaint that he filed a grievance on the issue. The attached grievance response also demonstrates that he had access to grievance forms (Doc. 17, p. 14-16). The grievance response states that Miles received and submitted numerous money vouchers and grievance forms. Thus, it appears that Miles had access to the requested materials.

Miles also cites numerous statutes, stating that he qualifies as a disabled individual under the Americans with Disabilities Act ("ADA") and the Rehabilitation Act ("RA"), suffers from a serious mental illness, and is protected by the Religious Freedom Restoration Act ("RFRA") and the Religious Land Use and Institutionalized Persons Act

("RLUIPA") (Doc. 17, p. 9). But Miles fails to offer any allegations to suggest a violation of any of these statutes.

For these reasons, Miles again fails to state a claim. This is Miles's second attempt to state a viable claim, and he has been unable to do so. The Court finds that a further amendment would be futile. The First Amended Complaint is, thus, **DISMISSED with prejudice**. Miles's motion for counsel (Doc. 19) is **DENIED as moot**.

### Disposition

For the reasons stated above, Miles's First Amended Complaint is **DISMISSED with prejudice** for failure to state a claim. The dismissal counts as one of Miles's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

Miles is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed. Therefore, the filing fee remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Miles wishes to appeal this Order, he must file a notice of appeal with this Court within 30 days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If Miles does choose to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. He must list each of the issues he intends to appeal in the notice of appeal, and a motion for leave to appeal *in forma pauperis* must set forth the issues he plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). Moreover, if the appeal is found to be nonmeritorious, Miles may also incur another "strike." A proper and timely motion filed

4

pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than 28 days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk of Court is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:  March 27, 2024**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**